**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SHIRLEY WATCHER, : | |
| : | |
| Plaintiff : | |
| : | CIVIL ACTION NO: 3:00-CV-1123 |
| v. : | |
| : | (JUDGE CAPUTO) |
| THE POTTSVILLE AREA : | |
| EMERGENCY MEDICAL : | |
| SERVICE, INC., : | |
| : | |
| Defendant : | |

**MEMORANDUM AND ORDER**

Before me is Plaintiff's Motion to Strike Defendant's Praecipe to Satisfy Judgment (Doc. 256). The motion raises the issues of whether Plaintiff is entitled to prejudgment interest and post-judgment interest in compensatory damages for emotional distress awarded under the Pennsylvania Human Relations Act for a hostile work environment due to Plaintiff's age.

**BACKGROUND**

Plaintiff, Shirley Watcher, brought claims of age and sex discrimination under both federal and state law. (Mot. to Strike ¶ 1, Doc. 256.) At trial, the jury found for Defendant, Pottsville Area Emergency Medical Service, on the issue of sex discrimination. (*Id.* ¶ 2.) The jury found for the Plaintiff on the issue of age discrimination as the result of a hostile work environment but for the Defendant on the issue of age discrimination resulting in unlawful termination. (*Id.*) The verdict was returned on December 20, 2002. (*Id.*) Plaintiff was awarded $30,000 in compensatory

damages for pain and suffering and $85,027 in backpay damages.  (*Id.* ¶ 3.)  On January 7, 2003, a judgment, which included liquidated damages, was entered in the amount of $200,054.  (*Id.* ¶ 7.)  A final amended judgment was entered on October 6, 2004 in the amount of $30,000 in compensatory damages for pain and suffering after all liquidated damages and damages for lost pay were removed.  (*Id.* ¶ 11.)

Plaintiff filed a motion to mold the verdict to include prejudgment and post-judgment interest on January 8, 2003, nineteen (19) days after the verdict.  (*Id.*)  Plaintiff was paid by Defendant on March 13, 2008.  (*Id.*)  Presently before the Court is Plaintiff's motion to strike Defendant's praecipe to satisfy judgment, claiming that Plaintiff is further entitled to both prejudgment and post-judgment interest.  The Motion is ripe.

## DISCUSSION

Plaintiff was awarded compensatory damages for emotional distress under the Pennsylvania Human Relations Act.  All damages received pursuant to federal law were removed.  Therefore, this Court should apply Pennsylvania state substantive law in determining whether to award prejudgment and post-judgment interest.  *Erie R. R. Co. v. Tompkins,* 304 U.S. 64 (1938).

**I. Prejudgment Interest**

Plaintiff is not entitled to prejudgment interest on her compensatory damage award.  Pennsylvania Rule of Civil Procedure Number 238, Pa.R.C.P. No. 238, allows for prejudgment interest in actions "seeking monetary relief for bodily injury, death, or property damage."  However, prejudgment interest for compensatory damages for pain

and suffering are not available under this rule.  *See Butler v. Flo-Ron Vending Co.*, 557 A.2d 730, 739-40 (Pa. Super. Ct. 1989) (citing *Wainauskis v. Howard Johnson Co.*, 488 A.2d 1117 (Pa. Super. Ct. 1985) (Holding that compensatory damages for mental anguish, humiliation, and damage to [plaintiff's] reputation stemming from malicious prosecution did not warrant prejudgment interest.); *See also Marra v. Philadelphia Housing Authority*, 404 F. Supp. 2d 839, 848 (E.D. Pa. 2005) (Noting that prejudgment interest is not recoverable under Pennsylvania law for damages stemming from emotional pain and suffering.).  Prejudgment interest is not available for compensatory damages for emotional anguish because this does not constitute "bodily injury" under Pa.R.C.P. No. 238.  *Id.*  Plaintiff herself concedes that her only damages for which she seeks prejudgment interest are damages for "emotional distress."  (Br. in Supp., Doc. 257, at 3.)  Therefore, the Plaintiff's motion to strike the Defendant's praecipe to the extent that Plaintiff seeks to add prejudgment interest to her damages will be denied.

Defendant also argues that Plaintiff cannot claim prejudgment interest on her compensatory damages because she failed to file a timely motion for prejudgment damages.  "Not later than ten days after the verdict or notice of the decision, the plaintiff may file a written motion requesting damages for delay and setting forth the computation."  Pa.R.C.P. No. 238.  The verdict in Plaintiff's case was returned on December 20, 2002.  (Br. in Resp., Doc 259, at 2.)  The Court's judgment of $200,054 was entered on January 7, 2003.  (*Id.*)  Plaintiff failed to file a motion to mold the verdict until January 8, 2003.  (*Id.*)  Therefore, because Plaintiff failed to file the motion

within ten (10) days of the verdict, the Plaintiff's motion for prejudgment interest will be denied.[1]

**II. Post-Judgment Interest**

Both Plaintiff and Defendant agree that Plaintiff is entitled to post-judgment interest. Both parties also agree that the correct rate of interest is six percent (6%) per year. Plaintiff claims that the total amount of post-judgment interest should be $10,579.88. (Br. in Supp., Doc 257, at 14.) Defendant claims that the actual amount is $9,411.37. (Br. in Resp., Doc 259, at 9.) Plaintiff errs in her calculation because she uses compound interest. In calculating post-judgment interest, courts use simple interest. *See Busy Bee Inc. V. Wachovia Bank, N.A.*, Civ. A. No. 97 CV 5078, 2006 WL 723487, at *71 (Lackawanna Ct. Com. Pl. 2006). Judgment was entered in the amount of $30,000. At a rate of six percent (6%) interest, this is 1,800 dollars per year, which is equivalent to $4.93 per day. There are 1909 days between the date of the verdict and the date of payment. Therefore post-judgment interest in the amount of $9,411.37 is the proper amount to be awarded to Plaintiff.

**CONCLUSION**

For the reasons stated above, the Court denies Plaintiff's motion to strike Defendant's praecipe to the extent that it seeks to institute prejudgment interest and

---

[1]Defendant also raises two arguments under Pennsylvania common law regarding prejudgment interest for unliquidated damages and Plaintiff's "excessive and unconscionable [settlement] demand." (Br. in Opp., Doc. 259, at 7.) These arguments are irrelevant because Defendant's support for these arguments is a case from 1970, which is preceded by and overruled by Pa.R.C.P. No. 238.

grant it to the extent that it seeks post-judgment interest, but only to the amount of $9,411.37.

 An appropriate Order follows.


Date: June 25, 2008       /s/ A. Richard Caputo
               A. Richard Caputo
               United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SHIRLEY WATCHER, :<br>:<br>Plaintiff :<br>:
v. :<br>:
THE POTTSVILLE AREA :<br>EMERGENCY MEDICAL :<br>SERVICE, INC., :<br>:<br>Defendant : | CIVIL ACTION NO: 3:00-CV-1123<br><br>(JUDGE CAPUTO) |

**ORDER**

NOW, this 25th day of June, 2008, IT IS HEREBY ORDERED that the Notice of Satisfaction of Judgment of Jury Verdict (Doc. 254) is stricken. Satisfaction can be attained upon the payment of the sum of $9,411.37 in post-judgment interest to Plaintiff

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge